IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LITICE JOHNSON, on behalf of minor, JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ESTEL FOODS, INC., d/b/a )<br>MCDONALD's, )<br>)<br>Defendant. ) | Case No. 3:24-cv-1620-DWD |

### ORDER APPROVING SETTLEMENT

**DUGAN, District Judge:**

Before the Court is the Joint Motion to Approve Settlement Agreement and the Supplement to the Joint Motion to Approve Settlement. (Doc. 22; Sealed Doc. 24).

On September 19, 2024, Plaintiff, on behalf of her minor child, Jane Doe, filed a First Amended Complaint, alleging sexual harassment, sex-based discrimination, and retaliation against Defendant under Title VII of the Civil Rights Act of 1964. (Doc. 21, generally). Thereafter, in the Joint Motion to Approve Settlement Agreement, the parties informed the Court that a settlement, in principle, was reached during a mediation on September 21, 2024. (Doc. 22, pgs. 1-2). They indicated "[t]he settlement represents an objectively reasonable and fair resolution of the claims considering the nature and extent of the alleged damages and potential future risks and uncertainties associated with litigation." (Doc. 22, pg. 2). The parties further indicated "[t]he Plaintiff's funds will be deposited into a restricted account for the benefit of the minor, which shall remain inaccessible without further court order until the minor reaches the age of majority,

except for withdrawals authorized by the court for the minor's benefit." (Doc. 22, pgs. 2-3). The Court's approval of the settlement, in principle, was requested by the parties because "the Plaintiff is a minor child born in 2008 residing and…represented by their parent, Litice Johnson." (Doc. 22, pg. 2). As support, the parties attached the affidavit of Ms. Johnson, who participated in the mediation and believes the settlement, in principle, is fair, reasonable, and in the best interests of Jane Doe. (Docs. 22, pgs. 2-3; 22-1).

However, on October 10, 2024, the Court found additional information about the settlement, in principle, was necessary before it could resolve the Joint Motion. (Doc. 23). Accordingly, the Court entered the Order at Doc. 23, which, in part, states:

> [T]he parties offer very few details about the terms of the settlement in principle. Therefore, within 30 days of this date, the parties are **DIRECTED** to file a Supplement to the Joint Motion to Approve Settlement Agreement, together with any supporting documentation, that outlines the terms of the settlement in principle. The parties are **FURTHER DIRECTED** to file that Supplement under seal. Once the Supplement is received on the docket, the Court will review whether the settlement terms are fair, reasonable, and in the best interests of the minor child. *See H.P. by Parker v. Kelley*, No. 21-cv-453-DWD, 2023 WL 7387659, *1 (S.D. Ill. Oct. 4, 2023) (granting a motion to authorize a settlement and to deposit funds in a case involving a minor where, although the Court's jurisdiction was based on a federal question and it was "unaware of any binding federal or local rule of civil procedure…requir[ing] the Court to approve, or disapprove, the minor settlement," the plaintiff "specifically requested" approval of the minor settlement and the Court was mindful of the requirement to safeguard minors' interests under Federal Rule of Civil Procedure 17(c)) (citing *Grintjes v. Dole Food Co., Inc.*, No. 6-cv-997, 2007 WL 4300428, *1 (E.D. Wisc. Dec. 5, 2024) ("[W]hile parties do not need the court's approval to settle cases in federal court, they sometimes ask for the court's approval of a minor settlement so that everyone can have confidence that the settlement protects the interests of the minors involved."); *Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (noting in a diversity case, alleging a state law claim, the Northern District of Illinois' local rule regarding minor settlements required judicial approval, and Illinois state law supplied the standard for the court's consideration of the settlement)); *see also Robidoux*

2

*v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) ("In the context of proposed settlements in suits involving minor plaintiffs, th[e] special duty [to safeguard the interests of litigants who are minors, which is derived from Rule 17(c),] requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' "). At that time, the Court will also discern whether any additional action is necessary to resolve the Joint Motion.

(Doc. 23).

The parties have now filed their Supplement to the Joint Motion to Approve Settlement, *i.e.*, their executed Confidential Settlement Agreement and Release of All Claims, under seal. (Sealed Doc. 24). Having reviewed that filing, together with the Joint Motion to Approve Settlement and Johnson's Affidavit, the Court **FINDS** and **ORDERS**:

1. The Supplement to the Joint Motion to Approve Settlement, which is comprised of the Confidential Settlement Agreement and Release of All Claims, confirms the parties' representations about the settlement, in principle, in the Joint Motion to Approve Settlement. (Doc. 22; Sealed Doc. 24).

2. The terms of the Confidential Settlement Agreement and Release of All Claims are fair, reasonable, and in the best interests of Jane Doe. (Sealed Doc. 24).

3. The Joint Motion to Approve Settlement (Doc. 22) is **GRANTED** and the Confidential Settlement Agreement and Release of All Claims (Sealed Doc. 24) is **APPROVED**. *See H.P. by Parker*, 2023 WL 7387659 at *1; *Grintjes*, 2007 WL 4300428 at *1; *Goesel*, 806 F.3d at 419; *Robidoux*, 638 F.3d at 1181.

**SO ORDERED.**

Dated: October 18, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
